FILED
OCT 31 2002
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-CV-298-BO(3)

MICHAEL MOHAN, )
        Plaintiff, )
)
v. )   O R D E R
)
COLORALL TECHNOLOGIES )
INTERNATIONAL, INC., )
        Defendant. )
_____ )

This matter is before the Court on Defendant's motion to transfer and stay proceedings and Plaintiff's motion for summary judgment. A hearing on motion was held on October 17, 2002, in Elizabeth City, North Carolina. After considering the parties' arguments and evidence, this Court has decided to GRANT Defendant's motion.

## BACKGROUND

Plaintiff Michael Mohan filed a complaint in North Carolina State Court alleging breach of contract, failure to comply with the North Carolina Business Sales Opportunity Act (BOSA), N.C. GEN. STAT. §66-95 et seq., and unfair and deceptive practices, N.C. GEN. STAT. §66-100 and §75-1. The case was removed to this Court by Defendant Colorall Technologies International, Inc. (ColorAll), for diversity of citizenship of the parties. 28 U.S.C. § 1332.

Mohan negotiated for changes in ColorAll's standard "Area Franchise Agreement." After winning 22 amendments, Mohan signed the Agreement, and sent it to Florida, where ColorAll signed it as well. Section XX of the Agreement contains a forum-selection clause, choosing the Southern District of Florida as venue for any action "enforcing the terms and

1

provisions" of the Agreement. That section also contains a comprehensive clause binding the parties to arbitrate "any dispute arising under" the Agreement. The arbitration clause explicitly covers disputes, "even if relating to any claim that this Agreement, or any part thereof is invalid, irregular or otherwise void or voidable. . . ."

## ANALYSIS

### 1. Arbitration Clause

Agreements to arbitrate matters of commercial or maritime transactions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. For a commercial transaction, the Federal Arbitration Act (FAA) applies when the court finds that "(1) there was an agreement in writing providing for arbitration; and (2) the contract evidenced a transaction involving interstate commerce." Peoples Sec. Life Ins. Co. v Monumental Life Ins. Co., 867 F.2d 809, 813 n.4 (4th Cir. 1989) (internal citation omitted).

The Agreement between Mohan and ColorAll involved interstate commerce. Under it, Mohan was allowed to operate a North Carolina franchise of a Florida-based corporation. The Agreement provided for arbitration of any dispute arising under it, specifically including disputes concerning the validity of the Agreement itself. Agreement § 20(G).

However, this Court must determine if the arbitration clause itself is void because Defendant makes claims under BOSA, claiming the right to void the Agreement. In Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967), the Supreme Court addressed the issue of whether an arbitration clause was enforceable if it was part of an agreement that might be void due to fraud. It held that while fraud in the inducement of the arbitration clause *itself* is an issue

2

to be resolved by the court, fraud in the inducement of the contract *generally* is an issue for arbitration. See, Peoples Sec. Life Ins. Co., 867 F.2d at 813 (citing Prima Paint Corp. 388 U.S. at 402-04).

BOSA is a North Carolina statute that regulates the sale of business opportunities to prevent fraud. Under BOSA, if the seller of a business opportunity uses untrue or misleading statements or fails to provide disclosures mandated by the Act, the buyer can void the contract and recover all sums paid. N.C. GEN. STAT. § 66-100. In addition, any violation of BOSA constitutes an unfair practice. Id. For the purpose of applying the FAA, violations of BOSA amount to fraud in the inducement of a contract generally, but such violations do not indicate fraud in the inducement of an agreement's arbitration clause itself. Therefore, Plaintiff's BOSA claim is an issue properly resolved at arbitration.

Once a federal court is satisfied that the suit before it has been brought upon an issue referable to arbitration under the agreement, it must stay the action pending arbitration. 9 U.S.C. § 3; Prima Paint Corp., 388 U.S. at 400.

2. Forum-Selection Clause

Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). To escape a forum-selection clause, a party must show that enforcement of the clause would cause such great inconvenience that he would be effectively deprived of his day in court. Id. at 18. When a forum-selection clause does not apply, a court may still transfer proceedings in the interest of justice. 28 U.S.C. § 1412.

Mohan and Colorall negotiated over the Agreement. Mohan persuaded Colorall to make

22 different amendments to their standard contract, but the forum-selection clause remained. The forum-selection clause clearly indicates that "any action" brought by "either party for enforcing the terms and provisions of this Agreement. . . must be brought in the courts of record of the state of Florida in Palm Beach County or the District Court of the United States, Southern District of Florida." Without question this clause applies to the breach of contract claim listed in Mohan's complaint, and he has made no showing that being forced to litigate in Florida would effectivly deprive him of his day in court. It would be impractical to split that claim from Mohan's BOSA claims and have the case tried piecemeal. The need to avoid such a split, combined with the parties' negotiated, arms-length agreement to handle contractual claims in Florida, compel the transfer of this suit to the District Court of the United States, Southern district of Florida.

## CONCLUSION

This Court GRANTS Defendant's motion to have further proceedings TRANSFERRED to the United States District Court for the Southern District of Florida. The remaining motions before this Court are MOOTED.

SO ORDERED.

This 29 day of October, 2002.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4